UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07482-RGK-E | Date | September 22, 2025 |
|---|---|---|---|
| Title | *Rita Marquez-Lopez v. General Motors LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order to Show Cause Re: Amount in Controversy

On March 19, 2025, Rita Marquez-Lopez ("Plaintiff") filed a Complaint against General Motors LLC ("Defendant") in state court alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*) and Magnuson-Moss Warranty Act. Plaintiff's allegations arise from the purchase of a 2022 Chevrolet Trailblazer ("Vehicle") from Defendant. On August 12, 2025, Defendant removed the action to this Court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Plaintiff seeks actual, incidental and consequential damages, civil penalties, and attorneys' fees, among other remedies available under the statutes. In the Notice of Removal, Defendant asserts that the amount in controversy exceeds $75,000. In support, Defendant states that the purchase price of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07482-RGK-E | Date | September 22, 2025 |
|---|---|---|---|
| Title | *Rita Marquez-Lopez v. General Motors LLC* | | |

Vehicle was $38,688, and the offsets total $12,517.25, yielding actual damages of $26,170.75. The Court notes that it is unclear what the actual amount paid for the Vehicle is, which raises questions as to the accuracy of Defendant's estimated amount of actual damages. Nonetheless, even if Defendant's calculation is used the Court finds that Defendant still fails to plausibly allege that the amount in controversy exceeds $75,000, especially with $26,170.75 as the starting point. While Defendant also supports removal with Plaintiff's request for civil penalties and attorneys' fees, civil penalties are available only for willful failure to comply. Defendant has not offered any evidence to support such an award, and the Court declines to speculate as to what this award might be. The same is true for attorneys' fees.

For the foregoing reasons, Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **show cause in writing** why the jurisdictional requirements are or are not satisfied. Such a response **shall not exceed five pages** and must be filed **no later than 5 days from the date the order is entered.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/vc |